BWW#:VA-324518

# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

IN RE:  
MAURICIO A. LOPEZ  
PAULA J DE LA CRUZ BOROR  
    Debtors  

Case No. 17-14076-KHK

Chapter 7

_____

PENNYMAC LOAN SERVICES, LLC  
    Movant  

v.

MAURICIO A. LOPEZ  
PAULA J DE LA CRUZ BOROR  
    Debtors/Respondents  
and  
DONALD F. KING  
    Trustee/Respondent

## MOTION FOR RELIEF FROM AUTOMATIC STAY

PennyMac Loan Services, LLC ("Movant") hereby moves this Court, pursuant to 11 U.S.C. § 362, for relief from the automatic stay, with respect to certain real property of the Debtors having an address of 14686 Fox Glove CT, Woodbridge, VA 22193 (the "Property"), for all purposes allowed by the Note (defined below), the Deed of Trust (defined below), and applicable law, including but not limited to the right to foreclose. In further support of this Motion, Movant respectfully states:

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 & 157.

2. A petition under Chapter 13 of the United States Bankruptcy Code was filed with respect to the Debtors on December 1, 2017. An order converting the case to a case under Chapter 7 was entered on November 6, 2018.

3. Mauricio A Lopez has executed and delivered or is otherwise obligated with respect to that certain promissory note in the original principal amount of $223,870.00 (the "Note"). A copy of the Note is attached hereto. Movant is an entity entitled to enforce the Note.

4. Pursuant to that certain Deed of Trust (the "Deed of Trust"), all obligations (collectively, the "Obligations") of the Debtors under and with respect to the Note and the Deed of Trust are secured by the Property. The lien created by the Deed of Trust was perfected by recording of the Deed of Trust in the office of the Clerk of the Circuit Court of Prince William County, Virginia. A copy of the recorded Deed of Trust is attached hereto.

_____  
Kyle T. Libby, VSB# 82346  
8100 Three Chopt Rd.  
Suite 240  
Richmond, VA 23229  
(804) 282-0463(Phone)  
*Attorney for the Movant*

5.     The legal description of the Property is:

Lot 58-A, Section T-6, DALE CITY, as the same appears duly dedicated, platted and recorded in Deed Book 942 at Page 533, and re-subdivided in Deed Book 1216 at Page 694, among the land records of Prince William County, Virginia.

6.     As of December 18, 2018, the outstanding amount of the Obligations due to the Movant, less any partial payments or suspense balance is:

| | |
|---|---:|
| Unpaid Principal Balance | $216,005.31 |
| Unpaid, Accrued Interest | $2,962.86 |
| Uncollected Late Charges | $92.08 |
| Mortgage Insurance Premiums | $149.59 |
| Taxes and Insurance Payments on behalf of Debtors | $835.71 |
| Other Costs | $0.00 |
| Less: Partial Payments | ($1,153.29) |
| Minimum Outstanding Obligations | $218,892.26 |

7.     The following chart sets forth the number and amount of contractual payments due pursuant to the terms of the Note that have been missed by the Debtor as of December 18, 2018:

| Number of Missed Payments | From | To | Monthly Payment Amount | Total Missed Payments |
|---|---|---|---|---|
| 3 | 10/01/2018 | 12/01/2018 | $1,636.21 | $4,908.63 |
| | Less contractual partial payments (suspense balance): | | | ($1,153.29) |

                                                **Total Contractual Payments:       $3,755.34**

8.     In addition to the other amounts due to Movant reflected in this Motion, as of the date hereof, in connection with seeking the relief requested in this Motion, Movant has also incurred $750.00 in legal fees and $181.00 in costs.

9.     The estimated value of the Property is $225,000.00. The basis for such valuation is the Debtor`s Schedules.

10.    Cause exists for relief from the automatic stay for the following reasons:

      a.    Movant's interest in the Property is not adequately protected.  The Debtors have failed to make required contractual payments.

      b.    Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtors have no equity in the Property (assuming a 10 percent cost of sale); and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

WHEREFORE, Movant prays that this Court issue an Order terminating or modifying the stay and granting the following:

    1.    Relief from the stay for all purposes allowed by the Note, the Deed of Trust, and applicable law, including but not limited to allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

    2.    That the 14-day stay described by Bankruptcy Rule 4001(a)(3) be waived.

    3.    For such other relief as the Court deems proper.

Respectfully Submitted,

Dated: <u>December 21, 2018</u>

    /s/ *Kyle T. Libby*
Kyle T. Libby, VSB# 82346
BWW Law Group, LLC
8100 Three Chopt Rd.
Suite 240
Richmond, VA 23229
(804) 282-0463 (phone)
(804) 282-0541 (facsimile)
bankruptcy@bww-law.com
*Attorney for the Movant*

**CERTIFICATE OF SERVICE**

      I certify that on this 21st day of December, 2018, the following person(s) were or will be served with a copy of the foregoing Motion for Relief from Automatic Stay electronically via the CM/ECF system or by first class mail, postage prepaid:

Donald F. King, Trustee
1775 Wiehle Avenue, Suite 400
Reston, VA 20190

Leon S. Demsky, Esq.
2300 Clarendon Blvd. #700
Arlington, VA 22201-3321

Mauricio A. Lopez
14686 Fox Glove Court
Woodbridge, VA 22193

Paula J De La Cruz Boror
14686 Fox Glove Court
Woodbridge, VA 22193

Paula J De La Cruz Boror
12515 Gordon Blvd #110
Woodbridge, VA 22192

                                                */s/ Kyle T. Libby*
                                                Kyle T. Libby